UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TAO LUO**, *et al.*,           )<br>                                          )<br>            Plaintiffs,        )<br>        v.                               )<br>                                          )<br>**ALBERTO GONZALES**, *et al.*,  )<br>                                          )<br>            Defendants.     )<br>_____) | Civil Action No: 07-0395<br><br>Judge: Richard J. Leon |

**PLAINTIFFS' RESPONSE TO DEFENDANTS'
MOTION TO DISMISS**

The Defendants have moved to dismiss Plaintiffs' complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. Defendants' motion should be denied. Plaintiffs have properly invoked this Court's jurisdiction under three statues – either of which provides this court with original jurisdiction of this action.

**I.    Defendants Have a Clear, Nondiscretionary Duty to Adjudicate Plaintiffs' Forms I-485 within a Reasonable Time**

Defendants own a clear, nondiscretionary duty to Plaintiffs to adjudicate their Forms I-485, Application for Adjustment of Status, within a reasonable time, as required by 5 U.S.C. § 555 (b):

> …with due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it…

The agency action of adjudicating Plaintiffs' Forms I-485 within a reasonable time is not committed to agency discretion by law. Though the decision whether to grant

1

or deny an application for adjustment is plainly made discretionary under 8 U.S.C. § 1255 (a), the regulation and the majority of court decisions make it clear that immigration officials have a nondiscretionary duty to act on a Form I-485 application, and the action must be taken within a reasonable time. See *e.g.* 8 C.F.R. § 245.2 (providing that applicant "shall be notified of the decision of the director and, if the application is denied, the reason for denial."); 8 U.S.C. § 1154 (b) (providing that "the Attorney General shall, if he determines that the facts states in the petition are true and that the alien in behalf of whom the petition is made is an immediate relative specified in section 1151(b) of this title, or is eligible for preference under subsection (a) or (b) of section 1153 of this title, approve the petition and forward one copy thereof to the Department of State."); *Yu v. Brown*, 36 F. Supp.2d 931 ("All other courts addressing this question have held that INS has a non-discretionary duty to process application for LPR status as well as other immigration applications."); *Duan v. Zamberry*, 2007 WL 626116, at *3 (W.D.Pa.Feb.23, 2007) ("The weight of authority ….supports a find that Defendants have a non-discretionary duty to process or adjudicate an adjustment application."); *Haidari v. Frazier*, 2006 WL 3544922, at *4 (D.Minn.Dec.8, 2006) (distinguishing the discretionary decision of whether to grant or deny an adjustment application from the mandatory duty to make any decision); *Hu v. Reno*, 2000 WL 425174, at *3 (N.D.Tex.April 18, 2000) ("Although the INS is vested with broad discretion in making the ultimate decision in making the ultimate decision whether to grant an application for adjustment to permanent resident status, it have a nondiscretionary duty to process the application."); *Mohamed N. H. Aboushahan v. Robert S. Mueller*, (N.D.Cal.October 24, 2006) ("the statutory text

under section 209.2 of the Code of Federal Regulation creating a nondiscretionary duty to adjudicate the plaintiff's Form I-485 application."); *Monica Linville v. Angela Barrows*, (W.D.Okl.April 19, 2007) (holding the Defendants owed a duty to the Plaintiffs to adjudicate their Forms I-485 within a reasonable time); and *Razaq v. Poulos*, 2007 WL 61884, at *6 (N.D.Calf. Jan. 8, 2007) (reasoning that the fact that there is no specific deadline in the statute or regulation does not change the ministerial duty to process the application).

I.N.A. § 242 (a)(2)(B)(ii), 8 U.S.C. § 1252 (a)(2)(B)(ii) does not strip the Court of jurisdiction to hear mandamus actions because no "decision or action" has taken place within the meaning of the statutory language. *See Haidari v. Frazier*, 2006 WL 3544922, at *13-14 (D.Minn.Dec.8, 2006) (reasoning that because plaintiffs have neither been denied nor granted relief, § 242 (a)(2)(B)(ii) does not bar jurisdiction); *Duan v. Zamberry*, 2007 WL 626116, at *6-7 (W.D.Pa.Feb.23, 2007) (finding that INA § 242 (a)(2)(B)(ii) does not apply because the pace of the adjudication of applications is not the type of discretionary "action" contemplated by the statute). In addition, I.N.A. § 242 (a)(2)(B)(ii) only limits jurisdiction over certain discretionary actions and decisions. Since the existence of a clear, nondiscretionary duty on the part of Defendants, our mandamus action should not fall within the restriction of I.N.A. § 242 (a)(2)(B)(ii).

### II.     Plaintiffs Have a Clear Right To Have Their Forms I-485 Adjudicated in a Timely Manner

Plaintiffs maintain that the right to adjudication is derived from Defendants' mandatory duty to process the applications and the fact that Plaintiffs are the intended beneficiaries of the applications. *See* 8 C.F.R. § 245.2 (providing that applicant "shall be

3

notified of the decision of the director and, if the application is denied, the reason for denial."); *Haidari v. Frazier*, 2006 WL 3544922, at *10 (D.Minn.Dec.8, 2006) (holding that 8 C.F.R. § 209.2 creates a nondiscretionary duty to adjudicate adjustment applications).

The plaintiff's right to a timely adjudication is present in 5 U.S.C. § 555 (b), which requires that "with due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it". To determine if a delay is unreasonable, courts examine the reason for delay. See *Singh v. Still*, 2007 U.S. Dist. LEXIS 16334, at *13-14 (reasoning that respondents failed to explain why it took two-and-a-half years to initiate a security check with the FBI, why no action was taken to follow up with the FBI until the mandamus suit was filed, and why it took so long to process plaintiff's initial fingerprints). According to a declaration of Michael A. Cannon submitted by Defendants, Plaintiffs' name check request was received by FBI from USCIS on or about September 2, 2004. *See* Cannon Decl. ¶ 22-23. The name check request for plaintiff Tao Luo has not been completed. *See* Cannon Decl. ¶ 22. The declaration does not provide any specifics about the "issues requiring further inquiry". Nor did Defendants provide any additional information on these issues. In the case at bar, there is no evidence that the delay is attributable to the action of Plaintiffs. Nor is there any evidence indicating that the facts underlying Plaintiffs' applications are especially complex, which might justify a delay.

Plaintiffs' Forms I-485 have been pending more than thirty-two (32) months since their filing date of August 12, 2004. Historically, approximately 68 percent of the name

4

checks submitted by USCIS are electronically checked and returned to USCIS as having "No Record" within 48-72 hours. *See* Cannon Decl. ¶ 13. A secondary manual name search typically completed within 30-60 days historically identifies an additional 22 percent of the USCIS request as having "No Record" for a 90 percent overall "No Record" response rate. *See* Cannon Decl. ¶ 14. The delay Plaintiffs have experienced is unreasonable. *See Galvez v. Howerton*, 503 F. Supp. 34, 39 (C.D.Cal.1980) (holding a six-month delay unreasonable); *Paunescu v INS*, 76 F. Supp.2d 896, 901-02 (N.D.Ill.1999) (holding a ten-month delay unreasonable); and *Yu v. Brown*, 36 F. Supp.2d 931 (holding a two-and-a-half year delay unreasonable).

### III.     There is No Other Remedy Available to Plaintiffs

Plaintiffs' inability to obtain permanent resident status affects a wide range of important rights, including but not limited to travel, the ability petition to immigrate close family members, and the ability to apply for certain research fund. Moreover, Defendants' delay impacts Plaintiffs' ability to seek United States citizenship and all the rights and privileges attendant thereto. See 8 U.S.C. § 1427 (a) (providing that a permanent resident may not apply for citizenship until he or she has resided continuously in the United States for five years preceding the date of filing the application).

Texas Service Center is currently processing the employment-based Forms I-485 filed on September 15, 2006. It is unreasonable unfair to Plaintiffs who have been waiting twenty-five (25) months longer than those applicants. The waiting for security checks to be completed is not a remedy. The fact that Plaintiffs are waiting is the exact harm Plaintiffs are seeking to remedy, which is ripe for Plaintiffs to seek for the remedy from

the Court. *See Singh v. Still*, 2007 U.S. Dist. LEXIS 16334, at 23-24 (N.D.Cal.2007) ("waiting for an agency to act can not logically be an adequate alternative to an order compelling the agency to act…").

### IV. This Court Has Original, Exclusive Jurisdiction of the Action in the Nature of Mandamus to Compel Defendants to Perform a Duty Owned to Plaintiffs under 28 U.S.C. § 1361, 28 U.S.C. § 1331, and 5 U.S.C. § 704

Since Defendants owe a clear, nondiscretionary duty to adjudicate Plaintiffs' Forms I-485 within a reasonable time, Plaintiffs, as they are entitled to, have invoked the jurisdiction of this Court pursuant to 28 U.S.C. § 1361, which provides:

> The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owned to the plaintiff.

There is no other remedy available to Plaintiffs. Thus, Plaintiffs, as they are entitled to, have invoked the jurisdiction of this Court pursuant to 5 U.S.C. § 704, which provides:

> Agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subjected to judicial review.

Pursuant to 28 U.S.C. § 1331, this Court shall also have original jurisdiction of our mandamus action arising under the law of the United States.

Simply put, 28 U.S.C. § 1361, 28 U.S.C. § 1331, and 5 U.S.C. § 704, by their very nature, confer exclusive jurisdiction upon the Court.

### V. Conclusion

Plaintiffs properly invoked the subject matter jurisdiction of this Court when they filed their complaint. Plaintiffs' claim of compelling Defendants to adjudicate their

Forms I-485 was and continues to be ripe. Defendants' Motion to Dismiss should be denied.

Respectfully submitted on this 29th Day of May, 2007.

/s/ Charles H. Kuck

Charles H. Kuck, Esq.
DC Bar #: 43284

KUCK CASABLANCA LLC
8010 Roswell Road, Suite 300
Atlanta, GA 30350
Phone: (404) 816-8611
Fax: (404) 816-8615
Email: ckuck@immigration.net

OF COUNSEL:

/s/ Philip M. Dearborn

Philip M. Dearborn, Esq.
DC Bar #: 414033

PILIEROMAZZA PLLC
888 17th St., N.W., Suite 1100
Washington, D.C. 2006
Phone: (202) 857-1000
Fax: (202) 857-0200
Email: pdearborn@pilieromazza.com

## CERTIFICATE OF SERVICE

I hereby certify that I have electronically filed the foregoing Plaintiffs' Response to Defendants' Motion to Dismiss with the Clerk of the Court using the CM/ECF system, which will automatically send email notification of such filing to the following attorney of record:

> Sherease Louis
> Special Assistant United States Attorney
> United States Attorney's Office
> 555 4th Street, N.W.
> Washington, D.C. 20530

>> /s/ Charles H. Kuck
>>
>> Charles H. Kuck, Esq.
>> DC Bar #: 43284
>>
>> KUCK CASABLANCA LLC
>> 8010 Roswell Road, Suite 300
>> Atlanta, GA 30350
>> Phone: (404) 816-8611
>> Fax: (404) 816-8615
>> Email: ckuck@immigration.net

OF COUNSEL:

/s/ Philip M. Dearborn

Philip M. Dearborn, Esq.
DC Bar #: 414033

PILIEROMAZZA PLLC
888 17th St., N.W., Suite 1100
Washington, D.C. 2006
Phone: (202) 857-1000
Fax: (202) 857-0200
Email: pdearborn@pilieromazza.com

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **TAO LUO,** *et al.,* ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | Civil Action No: 07-0395 |
| ) | |
| **ALBERTO GONZALES,** *et al.,* ) | Judge: Richard J. Leon |
| ) | |
| Defendants. ) | |
| _____) | |

**ORDER**

UPON CONSIDERATION of **Plaintiffs' Response to Defendants' Motion to Dismiss**, any Replies filed thereto, and the entire record herein, for good cause shown, it is by the Court,

ORDERED that Defendants' Motion to Dismiss should be and is hereby denied.

SO ORDERED.

_____     _____
Date                                           Richard J. Leon
                                                United States District Judge