UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TAO LUO, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | Civil Action No. 07-0395(RJL) |
| ) | |
| ALBERTO GONZALES, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**NOTICE OF ERRATA**

The Defendants, through counsel, the United States Attorney for the District of Columbia, respectfully file a corrected Reply to Plaintiffs' Response to Defendants' Motion to Dismiss, as the original Reply contained a formatting error on page 1, as a result of the conversion process to PDF. The corrected Reply is attached.

Respectfully submitted,

  Jeffrey A. Taylor  
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

  Rudolph Contreras  
RUDOLPH CONTRERAS, D.C. BAR #  434122
Assistant United States Attorney

   s/Sherease Louis  
SHEREASE LOUIS
Special Assistant United States Attorney
United States Attorney's Office
555 4th Street, N.W.
Washington, D.C. 20530

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TAO LUO**, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| v. | ) Civil Action No. 07-0395(RJL) |
| | ) |
| | ) |
| **ALBERTO GONZALES**, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

### CERTIFICATE OF SERVICE

I hereby certify that service of the foregoing Notice of Errata and attached Exhibit was sent by the Court's Electronic Case Filing System, this 5th day of June, 2007 to:

Philip M. Dearborn, Esq.
Pilieromazza PLLC
888 17th St. N.W., Suite 1100
Washington, D.C. 20006

Kuck Casablanca LLC
8010 Roswell Road, Suite 300
Atlanta, A 30350

                                                                            /s Sherease Louis
                                                                            SHEREASE LOUIS
                                                                            Special Assistant United States Attorney
                                                                            United States Attorney's Office
                                                                            Civil Division
                                                                            555 4th Street, N.W.,
                                                                            Washington, D.C. 20530
                                                                            (202) 307-0895

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TAO LUO,** *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | Civil Action No. 07-0395(RJL) |
| ) | |
| **ALBERTO GONZALES,** *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS**

The issue presented in this suit is whether an applicant for adjustment of status to that of a permanent resident of the United States, whose security check is pending, has presented this Court with a justiciable action such that a Court may order mandamus relief. In their Opposition to Defendants' Motion to Dismiss, Plaintiffs allege that they have properly invoked this Court's jurisdiction under three statutes.[1] Plaintiffs' Reply at 1. Plaintiffs further allege that Defendants have a duty to adjudicate Plaintiffs' Forms I-485 within a reasonable period of time under 5 U.S.C. § 555, and that Plaintiffs have a right to have their Forms I-485 adjudicated in a timely manner. *Id.* at 1, 3. Because this Court does not have jurisdiction, under any statute, to compel the United States Citizenship and Immigration Services ("USCIS") to expedite adjudication of Plaintiffs' Forms-I-485 ahead of other equally worthy applicants, this Court should dismiss

---

[1] While Plaintiffs' Complaint alleged jurisdiction under 8 U.S.C. § 1329, it is clear that statute, a general jurisdictional provision of the INA, applies exclusively to actions brought by the United States. See 8 U.S.C. § 1329 ("district courts of the United States shall have jurisdiction of all causes, civil and criminal, brought by the United States"); *Reno v. American-Arab Anti-Discrimination Committee,* 525 U.S. 471, 477 (1999)("[8 U.S.C. § 1329] was subsequently amended by IIRIRA to make clear that it applies only to actions brought by the United States").

Plaintiffs' suit for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6).

**ARGUMENT**

**I.     THE COURT LACKS JURISDICTION UNDER 28 U.S.C § 1361.**

Plaintiffs allege that this Court has jurisdiction, under 28 U.S.C. § 1361, to compel Defendants to adjudicate Plaintiff's I-485 applications. That statutory provision provides

> [t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

28 U.S.C. § 1361. Plaintiffs' argument in favor of mandamus jurisdiction misapprehends an important distinction in this case, between refusal to adjudicate an I-485 application and the time frame by which an adjudication should proceed. Given that the issue in this case is the timing of adjudication, and not a refusal or unreasonable failure to adjudicate, mandamus relief is inappropriate.

As attested to in the Puripongs and Cannon Declarations, submitted with the Motion to Dismiss, USCIS is adjudicating each of Plaintiffs' applications, but there is a delay with respect to the application for Tao Luo, upon which the other two applications depend.[2] Thus, Defendants have not refused to act with respect to the adjudication of the Luos' I-485 applications. However, as no one disputes, the process of adjudicating Plaintiffs' applications involves several steps, including a national security screening involving a name check. Puripongs Decl. ¶¶ 3,4 ,13; Cannon Decl. ¶¶ 4, 20, 22; USCIS Fact Sheet, *generally*.

---

[2]     It is also undisputed that the name check for Peng He was completed on March 3, 2005. Cannon Decl. ¶ 23. Further, it is undisputed that, because Mengming Luo is a minor, the only name check that is currently pending is the name check for Tao Luo. *Id.*

The steps to be taken in adjudicating an application, as well as the timing of those steps, are matters entirely within USCIS discretion.[3] Thus, because the appropriate steps are being taken and the delay in completing the adjudication of Plaintiffs' applications is not attributable to a failure to act on Defendants' part, but is a result of the tremendous volume of applicants and the delays inherent in the security screening and name check process, there is no basis for the Court to order mandamus relief.

The timing of the name check and adjudication is a function of the Defendants' caseload, resources, and the complexities of each case *i.e.* similarity to other names. Accordingly, a reasonable time for completion of a name check and adjudication of an I-485 application should not be determined based on the personal timetable of an applicant, or a subjective sense of what is reasonable. As the Puripongs and Cannon Declarations make clear, the agencies involved are working to adjudicate Plaintiffs' applications. So long as the delay is being caused by the time-consuming nature of the task, in light of the volume of applications and the available resources, and not because of agency inaction, the time to adjudicate the applications should not be

---

[3] Courts presented with the issue of whether they have jurisdiction to compel the completion of a national security screening of a visa petitioner, beneficiary, or adjustment of status applicant, have nearly unanimously determined that they do not. See *Wan Shih Hsieh v. Kiley*, 569 F.2d 1179 (2nd Cir., 1978); *Ousama M. Ben Khalifa and Lisa M. Ben Khalifa v. USCIS,* 2006 WL 3608825, No. 6:06-cv-620-Orl-31JGG (M.D. Fla., October 10, 2006); *Dinsey v. DHS,* USCIS, 2004 WL 1698630 (S.D.N.Y. 2004.); *Mustafa v. Pasquerell,* 2006 WL 488399 (W.D.Tex. January 10, 2006); *Safadi v. Howard*, 466 F. Supp.2d 696 (E.D.Va. Dec 20, 2006); *Mohamed Zahani v. DHS*, 2006 WL2246211 (M.D.Fla. June 26, 2006); *Gemini Realty, Inc. v. Gonzalez*, 2006 WL 3039012 (M.D.Fla. Oct 12, 2006); *Chaudry v. DHS*, 2006 WL 2670051 (D. Minn. 2006); *Zheng v. Reno*, 166 F. Supp.2d 875 (S.D.N.Y., 2001); *Keane v. Chertoff,* 419 F. Supp. 2d 597 (S.D.N.Y., 2006); *Alkenani v. Barrows*, 356 F. Supp.2d 652 (N.D. Tex., Feb 14, 2005); *Reyes v. U.S. I.N.S.*, 229 F.3d 1136, 2000 WL 1459029 (2nd Cir., 2000). Cf. *Kenny v. Smith*, 2005 WL 2885483 (9th Cir., Nov 03, 2005); *Alvidres-Reyes v. Reno*, 180 F.3d 199 (5th Cir. ,1999); 8 C.F.R. § 103.2 (b)(7) & (18); *Cordoba v. McElroy*, 78 F. Supp.2d 240 (S.D.N.Y. 2000); *Espin v. Gantner*, 381 F. Supp.2d 261, 264 (S.D.N.Y. Jul 19, 2005); *Grinberg v. Swacina*, 478 F. Supp. 2d 1350 (S.D.Fla. Mar 20, 2007).

characterized as unreasonable.  *See, e.g., Liu v. Chertoff*, No. 07CV0005 BEN (WMC), 2007 WL 1300127 *5 (S.D.Cal. April 30, 2007) (noting that federal courts have recently become "inundated" with petitions seeking relief from delay in CIS adjudications and finding that "[a]s long as [CIS] continues to make reasonable efforts to complete [the] Plaintiff's I-485 applications, the pace required to complete that process is committed to their discretion").

**II.    THE COURT LACKS JURISDICTION UNDER 28 U.S.C. § 1331.**

Plaintiffs next argue that 28 U.S.C. § 1331 provides the Court with original jurisdiction to compel the Defendants to adjudicate Plaintiffs' I-485 Forms.  That statutory provision provides that

> [t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

28 U.S.C. § 1331.

As set forth in Defendants' Motion to Dismiss, Congress's specific bar of subject matter jurisdiction defeats Plaintiffs' assertion of both general federal question jurisdiction under 28 U.S.C. § 1331 and mandamus jurisdiction under 28 U.S.C. § 1361.  8 U.S.C. § 1252(a)(2)(B); *see Safadi v. Howard*, 466 F. Supp.2d at 700; *Danilov v. Aguirre*, 370 F. Supp. 2d 441, 445 (E.D. Va. 2005) ("[I]t is well settled that general grants of jurisdiction may not be relied upon to expand a very specific statute that either grants or limits jurisdiction.").  Moreover, section 1252(a)(2)(B) specifically states that it applies "notwithstanding... [28 U.S.C.] § 1361."  8 U.S.C. § 1252(a)(2)(B).  A sensible interpretation of the statute's preclusion of judicial review of USCIS' discretionary acts would rationally extend to the pace of those discretionary acts.  *See* U.S.C. 1252(a)(2)(B)(i),(ii).

4

**III.     THE COURT LACKS JURISDICTION UNDER 5 U.S.C. § 704.**

Plaintiffs also allege that 5 U.S.C. § 704 provides the Court with original jurisdiction to compel the Defendants to adjudicate Plaintiffs' I-485 Forms. That statutory provision provides that

> [a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review. A preliminary, procedural, or intermediate agency action or ruling not directly reviewable is subject to review on the review of the final agency action.

5 U.S.C. § 704. In Plaintiffs' case, there has not yet been a final agency action. Thus, because there is no statute providing for judicial review of the pace of adjustment of status adjudications, and no final agency action on Plaintiffs' applications, the Court lacks jurisdiction under 5 U.S.C. § 704.

**IV.     THE COURT LACKS JURISDICTION UNDER 5 U.S.C. § 555.**

Finally, Plaintiffs allege that they have a right to have their Forms I-485 adjudicated within a reasonable time under 5 U.S.C. § 555. The relevant section of the APA provides

> [w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it.

5 U.S.C. 555(b). However, "a court only has jurisdiction to compel an agency to act within a certain time period under the APA when the agency is compelled by law to act within a certain time period." *Qui v. Chertoff,* --- F.Supp.2d ----, 2007 WL 1430207 at *5 (D.N.J.,2007); *citing Norton v. Southern Utah Wilderness Alliance*, 542 U.S. 55, 61 (2004)("[f]ailures to act are sometimes remediable under the APA, but not always."). Plaintiffs cite to no provision in any statute or regulation that specifies a time period for the USCIS to adjudicate I-485 applications. Because Congress has not specified a time period for USCIS to act, this Court lacks jurisdiction

to compel the USCIS to complete the adjudications of Plaintiffs' I-485 applications. As one court recently held,

> "if Congress intended to confer jurisdiction on a federal court to review the pace of adjudication for adjustment of status applications, it would have expressly provided for a time limitation in 8 U.S.C. § 1255(a), as it did in 8 U.S.C. § 1447(b). Section 1447(b) provides for a 120 day time limit to make a determination on a naturalization application after an examination is conducted. 8 U.S.C. § 1447(b) (2006). That Congress did not do so here reflects its intent to leave the pace of adjudication discretionary with the United States Attorney General and outside the scope of judicial review. While this Court acknowledges Plaintiff's frustration from waiting indefinitely in "immigration limbo" for a determination, it finds that Congress, rather than a federal court, is the proper governmental body to fashion a remedy."

*Grinberg v. Swacina,* 478 F. Supp.2d 1350, 1352 (S.D. Fl. 2007).

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court dismiss the Complaint.

Respectfully submitted,

    Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

    Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR #  434122
Assistant United States Attorney

    s/Sherease Louis
SHEREASE LOUIS
Special Assistant United States Attorney
United States Attorney's Office
555 4th Street, N.W.
Washington, D.C. 20530

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TAO LUO**, *et al.*,<br><br>　　　　　Plaintiffs,<br>　　v.<br><br><br>**ALBERTO GONZALES**, *et al.*,<br><br>　　　　　Defendants. | )<br>)<br>)<br>) Civil Action No. 07-0395(RJL)<br>)<br>)<br>)<br>)<br>) |

### CERTIFICATE OF SERVICE

I hereby certify that service of the foregoing Reply to Plaintiffs' Response to Defendants' Motion to Dismiss was sent by the Court's Electronic Case Filing System, this 4th day of June, 2007 to:

Philip M. Dearborn, Esq.
Pilieromazza PLLC
888 17th St. N.W., Suite 1100
Washington, D.C. 20006

Kuck Casablanca LLC
8010 Roswell Road, Suite 300
Atlanta, A 30350

　　　　　　　　　　　　　　　　　　　　　　/s Sherease Louis
　　　　　　　　　　　　　　　　　　　　SHEREASE LOUIS
　　　　　　　　　　　　　　　　　　　　Special Assistant United States Attorney
　　　　　　　　　　　　　　　　　　　　United States Attorney's Office
　　　　　　　　　　　　　　　　　　　　Civil Division
　　　　　　　　　　　　　　　　　　　　555 4th Street, N.W.,
　　　　　　　　　　　　　　　　　　　　Washington, D.C. 20530
　　　　　　　　　　　　　　　　　　　　(202) 307-0895